The Wisconsin Trust Company, Receiver, Respondent, vs. Jenkins and another, imp., Appellants.

*May 1— May 21, 1901.*

*Receivers: Supplementary proceedings: Authority to institute action.*

A receiver, appointed in supplementary proceedings, is expressly authorized by sec. 3035, Stats. 1898, to bring an action to set aside fraudulent transfers of property, and it is unnecessary to obtain authority therefor from the court.

Appeal from an order of the superior court of Milwaukee county: Orren T. Williams, Judge. *Affirmed.*

Appeal from an order overruling a demurrer to the complaint on the ground that the plaintiff had no legal capacity to sue because he had obtained no authority from the court to bring the action.

*W. O. Thomas*, for the appellants.

*Edgar L. Wood*, for the respondent.

WINSLOW, J.    The plaintiff was duly appointed receiver of the estate of *David Jenkins* in the course of certain supplementary proceedings, and brings this action as such receiver against *Jenkins* and his wife and one Viola Joyce for the purpose of setting aside certain alleged fraudulent transfers of property made by *Jenkins* to his wife and the defendant Joyce. The complaint contains no allegation that the plaintiff was authorized by the court to bring the action. The defendants *Jenkins* and wife demurred to the complaint on the ground that the plaintiff had not legal capacity to sue because he had obtained no authority from the court to bring the action, and appealed from an order overruling such demurrer.

The case is ruled by the decision in the case of *Barker v. Dayton*, 28 Wis. 367, where it was distinctly held that the receiver is expressly authorized by the statute to bring such an action. The statute under which that decision was made is substantially the same as the provision now contained in sec. 3035, Stats. 1898. If the statute confers express authority, it is plain that it is unnecessary to obtain authority from the court.

*By the Court.*— Order affirmed,